IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DIANA COATES, and<br>MARGO GREEN,<br><br>    Plaintiffs,<br><br>v.<br><br>BRAZORIA COUNTY, and<br>JAMES BLACKSTOCK,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>C.A. No.  3:10-CV-71<br><br><br><br><br>JURY TRIAL DEMANDED |

### PLAINTIFFS' PROPOSED QUESTIONS FOR VOIR DIRE

Diana Coates and Margo Green, plaintiffs, submits the following proposed questions for voir dire.  Plaintiffs have filed a request for 45 minutes of attorney-led voir dire for each side which is pending before the Court.  Plaintiffs submit the following questions to provide the Court with examples of the types of questions that will be asked.  Follow-up with respect to the answers is critical and Plaintiffs respectfully requests that they be permitted to conduct the voir dire.  Not all questions will be requested or used depending upon the amount of time permitted and the answers to the questions.

### Proposed Questions

What local cases can you think of whose outcome had an effect on the community?

Some folks are uncomfortable about making decisions on a jury that might have an effect on the community.  Others are ok with it.  Which are you closer to?

Some folks feel it's a good thing for the result of trials to have an effect on the community.  Others are uncomfortable about it.   Which folks are you closer too?

Can you think of outside cases that had an effect on this community?

How do you feel about trials having an effect on the community?

You will hear that there are clear rules that employers must follow regarding how they treat their employees, what is allowed and what is not allowed.  In this case, the plaintiffs will argue that one set of those laws apply.  The employer will argue that those laws do not apply to them.  Who here will have a problem hearing both sides and deciding which rules you want in this community?

Sometimes a person sues someone not only to get justice for a wrong, but also to make sure it doesn't happen again.  Some folks think that's a proper use of the court system.  Others are okay with it.  Which folks are you closer to?

This case involves someone who lost their job.  Everyone will feel sympathy.  Nothing wrong with that, but you cannot factor your sympathy for Ms. Coates, Ms. Green or for the defendant, Brazoria County.  How do you feel about that?  Some folks are okay with making that kind of decision; others might have a problem with it.  Which are you a little closer to?

Though you have to factor out sympathy, one of the things you have to factor in is the law:  did the employer follow the law and do they follow the law enough to employ people from this community?  Some folks are uncomfortable judging whether an employer has followed the law enough to employ people from this community.  Others are not.  Which group are you a little closer to?

The County says it did nothing wrong, that it followed the law and acted to protect its employees – but if you believe that the County did not follow the law and did not act to protect its employees, what trouble would you have, even a little, in deciding on a verdict that would show the County that it has not done enough for the community?

In a criminal case, when someone guilty is convicted, we are all better protected.  In a civil case, when someone breaks the law, and so causes harm, is held responsible, we are all better protected.  Some folks feel that this is more important in criminal cases than in civil cases.  Others feel it's just as important in both.  Which group are you a little closer to?

Trials can have far-reaching effects.  We all know about the McDonald's coffee case.  And, we all know about the Ford Pinto gas tanks that exploded and the jury held them accountable.  Some folks hesitate in being a juror whose decision might have far-reaching effects.  Others are okay with it.  Which group are you a little closer to?

The law requires civil cases to be tried by a jury in the community where the act happened.  Why do you think it's important to try cases in the community where the act occurred?

How does that benefit the community?

Who here has heard of any civil jury verdicts around here based on something such as sexual harassment or discrimination where someone lost their job because of that?

Some folks feel that it's necessary for the community to know what the jury has done in those kinds of cases. Others feel it makes no difference. Which group are you a little closer to?

Someone once said that a jury is "the guardian of the community." Some folks are uncomfortable being asked to be a guardian. Others are okay with it. Which are you closer to?

Some folks feel that having a job is one of the most important things in America. Other folks feel that a job is just a job, and you can always find another. Which group are you a little closer to?

Some folks feel that without a job, a person will not be able to support their family, keep their home, or feed their children. Other folks feel that not having a job is not that important, that they can always find someone to help, whether it is the government or friends and family. Which group are you a little closer to?

Some folks feel that comments at work are just jokes and do not really mean anything. Others feel that there are things that can be said at work that are hurtful. Which group are you a little closer to?

Some folks feel that an employer can play favorites in the workplace – that is, favor one employee over another employee. Other folks feel that employers should not play favorites, that the employees should be judged on how well they do their job. Which group are you a little closer to?

Some folks feel that an employer can treat employees differently in the workplace for any reason – that is give an employee a better assignment or better pay. Other folks feel that employers should be fair. Which group are you a little closer to?

Some folks feel that the employer is in total control of its employees. Those folks feel that the boss is the boss. Others feel that an employer or boss must follow certain rules about how it treats its employees. Which group are you a little closer to?

Some folks feel that it is easier to find a job these days than it was five years ago. Others feel that it is harder to find a job. Which group are you a little closer to?

Some folks feel that when it comes to job security, Americans have more job security now than they did five years ago. Others feel that your job is less safe today. Which group are you a little closer to?

Some folks feel that if something happens to them while at work, that the employer can just make a decision about it without investigating fully and fairly. Others feel that an employer must investigate incidents at work fully and fairly. Which group are you a little closer to?

Some folks feel that bosses treat their employees better now than they did five years ago. Others feel that bosses treat their employees worse. Which group are you a little closer to?

Some folks feel that bosses have more power than five years ago because they have more choice of potential employees.  Some feel that bosses have less power because there are fewer employees out in the work force.  Which group are you a little closer to?

Some folks feel that pornographic materials are ok to look at and send to others, other folks feels that pornographic materials should never be viewed and should not be looked at while at work.  Which group are you a little closer to?

Some folks are completely offended by pornographic materials, and other folks feel that they are not really that offensive.  In this case, there will be graphic images which are obscene.  Which group are you closer to?

Some folks think that when two people have a problem in their marriage, that they should stick it out if they have kids, other folks think that getting a divorce is something that is a private decision that needs to be made by the people in the marriage.  Which group are you closer to?

I need to ask you how you feel about lawsuits.  Many folks on TV and in government, and on the Web and in newspapers, are concerned with what they call "tort reform":  too many lawsuits, frivolous lawsuits, big verdicts, runaway juries, greedy lawyers, greedy clients, and verdicts making prices go up and driving away jobs and businesses from our community.
As a result, some folks think that the court system needs changes.  Others think things are okay as they are.  How many of you are closer to the folks who think we need some changes?  Who's closer to the folks who think things are okay as they are?  Who's in the middle?

Questions for individual jurors:

Mr. Juror, in cases like this, jurors get to see the wages that an employee lost when she was demoted or fired.  So, if you were a juror in this kind of case, and you decided that the employer did something that hurt a person and caused the loss of wages, what trouble would you have – even if a little – allowing money in your verdict for those lost wages?

Mr. Juror, in cases like this, jurors hear about pain and suffering, emotional distress and mental anguish and are asked how much money to allow for it.  I do not mean money for pain medications or therapy.  Those are other categories.  Right now, I just mean money for the fact that someone is having pain.  Some folks have trouble allowing money for pain and suffering or emotional distress and mental anguish and some others are OK with it.  Which are you a little closer to?

Has anyone worked for Brazoria County or appeared before James Blackstock?

For those of you who said yes, would you feel uncomfortable being a juror in this case?

In cases like this, jurors decide how much money should be in the verdict.  To decide, jurors take two things into account:  The harms and the losses the defendant cause.  Nothing else.
Some folks think that's not fair.  They think it's fairer to factor in, say whether the money can do some good, or whether the money is too small, or whether it might seem like too much for one

person, or whether a large verdict might raise prices for things we all have to buy, or whether their bank fees might go up, or whether the person has another source of money, or whether it might hurt business.
Other folks feel they should just stick to the harms and losses.
Who here might be a little closer to folks who think they should consider more than just the harms and losses the defendant caused?
Who might be a little closer to folks who stick to just the harms and losses?
Anyone in the middle?

I had to ask you that last question because you will be required to decide money based only on the harms and the losses the County and Mr. Blackstock caused in this case.
You cannot lower or raise your verdict for any other reason.
You cannot worry about sympathy, the costs of groceries, bank fees, the costs of trying this case. Just harms and losses.  The Defense Attorneys agree:  You must determine how much money only on the basis of the harms and losses the County and Mr. Blackstock caused.  At the end of the trial, the judge will tell you it's the law.

Some of the harms and losses in this case will involve wages, benefits of employment, stress, mental anguish, and other effects on Ms. Coates and Ms. Green's lives.
What trouble would you have allowing money in your verdict for pain and suffering?

Many folks have some trouble allowing money for pain and suffering or mental anguish because it doesn't make the pain and suffering or mental anguish go away.  Other folks think money for pain and suffering or mental anguish is ok.  How many of you are a little closer to the folks who think money for pain and suffering or mental anguish is ok?  And how many of you are a little closer to the folks who think there's no point because, say, it doesn't make the pain go away, or for some other reason?
How many of you are in the middle?

Folks, Jurors have two important rights and I need to ask you about them.

First:  Jurors have the right to hear all the testimony.  So, during the trial, if a witness says something you don't hear, will you be ok with raising your hand and saying:  "Your Honor, I did not hear the witness; would you ask her to say it again?"
Everyone okay with that?

Here's an even more important right:  Jurors have the absolute right to be on a jury that follows the law.  No one – not me, not Ms. Defense Attorney, not another juror, not even her Honor – is allowed to put you in a position where you have to go home afterwards knowing you've been on a jury that violated your oath by ignoring or violating the law when making its decisions.

So, in deliberations, if someone is not following the law, will each of you be willing to have your foreperson knock on the door and tell the United States Marshal that you need the judge to come talk to a juror who is disobeying the rules?
Okay?  Show of Hands.  Good.
Everyone is going to remember to do that?  Good.

And will you yourself be careful to follow the Judge's instructions and laws so it won't be necessary for other jurors to do that?
Show of Hands?  Good.

                        Respectfully submitted,

                        /s/ Thomas H. Padgett, Jr.
                        Thomas H. Padgett, Jr.
                        SBOT:  15405420
                        Federal I.D. No. 11554
                        4809 Pine St.
                        Bellaire, Texas 77401
                        Ph:  832-335-9134
                        Fax:  713-664-2049

                        Attorneys for Gusta Byas

**CERTIFICATE OF SERVICE**

     This certifies that a true and correct copy of this motion has been served electronically as follows on January 23d, 2012:

                        /s/ Thomas H. Padgett, Jr.
                        Thomas H. Padgett, Jr.