UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DIANA COATES, *et al*, | § |
| | § |
| Plaintiffs, | § |
| VS. | §   CIVIL ACTION NO. 3:10-CV-00071 |
| | § |
| BRAZORIA COUNTY TEXAS, *et al*, | § |
| | § |
| Defendants. | |

## **ORDER**

After the parties reached a settlement and the Court entered orders of judgment and dismissal, Plaintiffs filed an Emergency Motion for Enforcement of Judgment and Request for Costs. The motion alleged that one of the settlement checks issued by Defendant Brazoria County's insurer, AIG, was so poorly written that it caused the bank depositing the checks to raise red flags and AIG's bank to declare the check fraudulently made. Docket Entry No. 216. Plaintiffs' counsel did not contest that her clients would be timely paid; rather, the alleged injury stemmed from the many hours counsel spent working with the banks and the fear that counsel's own bank account would be closed and her credit would be ruined. In response, the County argued that the situation was "unintentional, unfortunate, and the result of well-intentioned but apparently unsuccessful efforts to expedite,

rather than delay, full payment of the judgment." Docket Entry No. 218 at 3.

Mere days after Plaintiffs filed the emergency motion, the Court held a hearing with counsel for the Plaintiffs, the County, and AIG. AIG's counsel represented that a new check would be delivered within two days of the hearing. The County also agreed to pay Plaintiffs' counsel $5,000.00 to resolve the costs and attorneys' fees sought in the emergency motion. Docket Entry No. 220. The Court held a second hearing that same week, where it was confirmed that AIG had delivered the new check as represented. The Court decided that it would keep the pending motion under advisement at that time in case related issues arose.

Given that the parties have resolved the issue in this lawsuit—namely, whether Plaintiffs had viable Title VII and section 1983 claims against the County—and all settlement checks have now cleared and Plaintiffs have been paid in accordance with the County's Offers of Judgment, the Court **DENIES** Plaintiffs' Emergency Motion for Enforcement of Judgment and Request for Costs (Docket Entry No. 216). The Court further concludes that any action that Plaintiffs' counsel wishes to take against AIG or any other entities related to the settlement payment issues is better suited for a new, separate lawsuit, rather than as an epilogue to Ms. Coates and Ms. Green's

long pending and finally resolved sexual harassment and retaliation lawsuit.

**IT IS SO ORDERED.**

**SIGNED** this 10th day of May, 2013.

									_____
									Gregg Costa
									United States District Judge